OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated December 12, 1985, and support *515 ing papers the petitioners move for an order granting modification of a subpoena duces tecum directed to the petitioners from the respondent. The motion is opposed in all respects.
The respondent, as chief financial officer of the State, is attempting to audit New York City Board of Education’s (Board) Attendance Improvement and Drop-Out Prevention Program (AIDPP) for the fiscal year 1984-1985. (Education Law § 3602 [25].) Among the materials sought is a computerized list of approximately 60,000 students who have been identified by school personnel as suitable candidates for AIDPP, including students’ names. From the list, the respondent’s auditor would take a sampling of between 300 and 400 students to be utilized for the audit.
The Board has refused to supply the respondent with the list based upon their interpretation of the Family Educational and Privacy Rights Act (FEPRA; 20 USC § 1232g). The confidentiality provision of FEPRA provides that school authorities cannot disclose student names or other identifying information unless the students’ parents have consented or a lawful subpoena has been issued. Even after a subpoena has been issued, an attempt must be made to notify parents and students in advance of compliance with the subpoena. (20 USC § 1232g [b] [2] [B].) FEPRA, however, lists certain exceptions to the confidentiality provisions which may have access to the student names. (20 USC § 1232g [b] [1] [A]-[I].) The petitioners contend that the respondent is not among the exceptions and may not have access to the list. Respondent alleges that two exceptions permit access. Thus, the court is called upon to construe FEPRA to determine if the respondent is foreclosed from access to the list.
The respondent contends that access to the list is authorized by 20 USC § 1232g (b) (5) which provides: "Nothing in this section shall be construed to prohibit State and local educational officials from having access to student or other records which may be necessary in connection with the audit and evaluation of any federally or State supported education program or in connection with the enforcement of the Federal legal requirements which relate to any such program”.
The respondent construes the above-quoted exception to create two classifications of exempt officials — all State officials and local educational officials. The court is of the opinion that such a construction of the section does violence to the statute’s language. A natural and logical interpretation of the *516 language would be that Congress was creating an exception for State and local officials in the field of education. There is no ambiguity in the language of the statute, absent the respondent’s strained construction.
The respondent’s alternative ground for falling within the above exception, that he should be considered a de facto educational official, is a fiction that is not persuasive.
Alternatively, the respondent contends that access to the list is authorized by 20 USC § 1232g (b) (1) (E) which provides an exception to confidentiality when the records are sought by "State and local officials or authorities to whom such information is specifically required to be reported or disclosed pursuant to State statute adopted prior to November 19, 1974”. The critical word, of course, is "specifically”. The respondent points to several constitutional and statutory provisions predating 1974 which require the State Comptroller to audit State agencies. (NY Const, art V, § 1; State Finance Law § 8 [2]; General Municipal Law art 3.) However, as suggested by the petitioners, there is no statute predating 1974 which specifically requires the names of the subject students in question be disclosed. The specific statutory mandate requires the respondent to audit only, not to collect information which Congress has classified as protected. The court is of the opinion that it would be feasible for the respondent to audit the Board and carry out duties specified by statute without being provided with the 60,000 names.
The petitioners have suggested reasonable alternatives to providing the respondent with the information sought, and though the respondent claims the methods suggested would compromise the integrity of the audit, it would appear Congress has decided that the need for confidentiality outweighs other considerations.
Accordingly, based upon the foregoing, the motion is, in all respects, granted.