NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

v.

MIDLAND BANCOR, INC., et al., Defendants.

Civ. A. No. 93–2467–GTV.

United States District Court, D. Kansas.

May 26, 1994.

Rock, AR, Anthony M. Whalen, Fields & Brown, Kansas City, MO, for Resolution Trust Corp.

Charles A. Getto, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Eugene J. Comey, Katherine Connor Linton, Paul S. Rosenzweig, Comey, Boyd & Luskin, Washington, DC, for F.D.I.C.

Michael P. Joyce, Ronald D. Lee, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for Lee H. Greif.

Neil E. Sprague, pro se.

William Grimshaw, Grimshaw & Rock, Chartered, Olathe, KS, Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, Kansas City, MO, for Byron L. Dougherty.

Gregory M. Garvin, Thomas C. Brown, Brown, Nachman & Sader, P.C., Kansas City, MO, for Harold M. Sader.

Lawrence A. Rouse, Robert M. Thompson, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Bruce C. Rhoades, Phillip E. Forrest, Jon D. Grams, Ward A. Katz, Seymour Zeinfeld, Larry L. Campbell, Kendrick T. Wallace, Saul Ellis, Michael A. Azorsky, Melvyn Paul, James W. Sight.

Charles F. Marvine, Jr., Patrick M. Reidy, Dysart, Taylor, Penner, Lay & Lewandoski, Kansas City, MO, for Daniel F. Reardon.

Stephen J. Bradford, pro se.

Phillip E. Forrest, pro se.

Stephen M. Tranckino, pro se.

Monte T. Grissom, pro se.

Gregory Kincaid, pro se.

Michael A. Azorsky, pro se.

Frederick H. Riesmeyer, II, J. Dale Youngs, Spradley & Riesmeyer, P.C., Kansas City, MO, for James M. Malouff, III, Jerome S. Metzger, Great American Development Corp.

Vito C. Barbieri, Hoskins, King, McGannon & Hahn, Kansas City, MO, for Wayne Henry, Sandra Henry.

Gardiner B. Davis, Douglas M. Weems, Spencer, Fane, Britt & Browne, Kansas City, MO, for Vanguard Packaging, Inc.

Benjamin F. Mann, Terrance M. Summers, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Mary Jo Barry, D'Amato & Lynch, New York City, for National Union Fire Ins. Co. of Pittsburgh, PA.

Richard D. Ralls, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey Farchmin & Schlomann, Kansas City, MO, for Midland Bank, Country Hill Bank, Country Hill Bancshares, Inc., TIC, Inc., Phil R. Acuff, John W. Acuff, Erin D. Rhodes, Anthony C. Sommers.

John S. Torkelson, Resolution Trust Corp., Overland Park, KS, Richard T. Donovan, Patricia J. Heritage, Rose Law Firm, Little

W. Perry Brandt, Tammy L. Womack, Stinson, Mag & Fizzell, Overland Park, KS, for Deloitte & Touche.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This declaratory judgment action was brought by an insurance company seeking rescission of a directors' and officers' liability policy. Defendants include various financial institutions and their directors and officers who were all insured under the policy. Also named as defendants are certain individuals and entities who either have made or potentially will make claims which fall within the policy's scope of coverage. The Resolution Trust Corporation ("RTC") and Federal Deposit Insurance Corporation ("FDIC") have been appointed as conservators of the financial institutions involved, and they are also named as defendants.

This matter is presently before the court on the motion of defendant RTC, as Conservator for Pioneer Federal Savings and Loan Association ("Pioneer"), to dismiss the complaint for failure to state a claim upon which relief can be granted (Doc. 96), pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

### I. Nature of the Motion

Although the RTC has identified its motion to dismiss as based on failure to state a claim for which relief can be granted, the arguments it presents relate to the court's subject matter jurisdiction. The RTC makes two arguments in support of its motion to dismiss. First, the RTC argues that the declaratory judgment action is premature and that this court should in its discretion decline to exercise jurisdiction. Second, the RTC contends that this court lacks subject matter jurisdiction because National Union failed to exhaust its administrative remedies. Accordingly, the court will treat the RTC's motion to dismiss as one based on lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1).

### II. Background

The following facts are derived from plaintiff's complaint and the undisputed facts presented by the parties in connection with the motion to dismiss.

National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union") issued a $7 million directors' and officers' liability insurance policy to Midland Bancor, Inc., with an effective period from July 1, 1992, to July 1, 1993. The insureds under this policy included: Midland Bancor, Inc., Midland Capital Corp., Midland Bank, Midland Bank of Kansas, Midland Bank of Lenexa, Midland Bank, N.A., of Overland Park, Pioneer Financial Corp., Pioneer Federal Savings & Loan Association, Country Hill Bancshares, Inc., Concord Bancshares, Inc., TIC, Inc., and all of the officers and directors of those financial institutions.

Pioneer was placed in receivership with the RTC being appointed receiver on April 2, 1993. Midland Bank and Midland Bank, N.A., of Overland Park (also known as College Boulevard National Bank) were also declared insolvent on April 2, 1993, and the FDIC was appointed as receiver.

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") provides an administrative procedure, set forth at 12 U.S.C. § 1821(d), for asserting claims against the RTC or FDIC. Pursuant to that provision, National Union submitted a proof of claim for the policy's rescission and determination of noncoverage to the RTC on July 1, 1993, and to the FDIC on July 2, 1993. The FDIC denied the claim and National Union filed this action for declaratory judgment on November 12, 1993. On November 22, 1993, the RTC notified National Union that it was requesting an extension of its claim determination period to February 27, 1994. The RTC has made no determination on the claim to date.

National Union's declaratory judgment action names as defendants the financial institutions identified above, individual directors and officers, and certain individuals and entities who either have filed or will file lawsuits which allege facts for which the directors and officers could submit a claim under the policy. The complaint states two counts for declaratory relief.

Count I seeks a declaratory judgment rescinding the insurance policy. National Union alleges that in applying for the policy the defendant institutions represented and warranted that no director or officer had knowledge or information of any act, error, or omission that might give rise to a claim under the policy. National Union contends that these representations were materially false and misleading, and that in fact the directors and officers of these institutions were aware of numerous possible claims that could arise out of their acts or omissions. Count II seeks a declaration that no coverage exists for certain claims that may be made in the future because of various policy exclusions, including a "regulatory exclusion" endorsement. Finally, National Union claims that Count I may be maintained as a defendants' class action, pursuant to Fed. R.Civ.P. 23(a), (b)(1), and (b)(2), against all persons or entities who have made or may in the future make demand upon the policy, and all persons who are or ever were directors or officers of the institutions.[1]

In its motion to dismiss the RTC argues that the court lacks subject matter jurisdiction because National Union failed to exhaust its administrative remedies. It also argues that the court's exercise of jurisdiction over the declaratory judgment action is improper because it would create an undue burden and force the RTC to litigate its claims against the directors and officers in this lawsuit rather than waiting until actual demand for coverage is made.

## III. Exhaustion of Administrative Remedies

As an initial matter, the court notes that the RTC's argument for dismissal based on failure to exhaust administrative remedies applies to Count I only. In its reply brief, the RTC states: "It does not appear that a determination of the enforceability of an exclusion is a matter which must be determined by the RTC's administrative claim proce-

dure." Reply Brief at 7. Count II of plaintiff's complaint seeks a declaration that no coverage exists for certain claims that may be made in the future because of various policy exclusions, whereas Count I asks for a determination that the policy be rescinded. The court will treat the RTC's argument that the court lacks subject matter jurisdiction due to National Union's failure to exhaust administrative remedies as applying only to Count I of plaintiff's complaint.

The essence of the RTC's argument is that National Union filed this suit too early. According to the RTC, FIRREA provides a 60 day window in which a suit may be filed, beginning with the date that the RTC denies an administrative claim or after 180 days have passed without an RTC determination. The RTC contends that National Union filed its complaint before the RTC had disposed of the administrative claim and before 180 days had elapsed from its filing. The RTC concludes that since the complaint was not filed during the 60 day period, this court lacks subject matter jurisdiction.

FIRREA grants the RTC[2] broad powers to determine claims asserted against failed financial institutions. 12 U.S.C. § 1821(d)(3)(A). The statute establishes a claims process for the filing, consideration, and determination of such claims. 12 U.S.C. § 1821(d)(3)–(10). The RTC must first publish and mail to "creditor[s] shown on the institution's books," notice of liquidation, providing at least 90 days for filing claims. 12 U.S.C. § 1821(d)(3)(B) and (C). Once a claim is filed, the RTC has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the claim is disallowed, or if 180 days pass without a determination by the RTC, then the claimant may request further administrative review of the claim, or file suit. 12 U.S.C. § 1821(d)(6).

---

1. National Union has filed a motion to certify defendant class (Doc. 203) and this motion is still pending before the court.

2. The statutory provisions cited in this discussion relate to the rights and duties of the FDIC. Another section of FIRREA, 12 U.S.C. § 1441a(b)(4), grants to the RTC the same powers and rights to carry out its duties with respect to insured depository institutions as the FDIC has under Sections 11, 12, and 13 of the Federal Deposit Insurance Act, as amended, 12 U.S.C. §§ 1821, 1822, and 1823.

In this case, there is no disagreement over the allegations that the RTC gave National Union proper notice and that National Union filed a timely administrative claim seeking to have the insurance policy rescinded. The parties also appear to agree that National Union's declaratory judgment action to have the policy rescinded is the type of claim that is barred from judicial consideration until the administrative remedies are exhausted.[3] The question before the court is simply whether a complaint filed before the RTC had issued its administrative claim determination must be dismissed for lack of subject matter jurisdiction even though at the present time over 180 days have elapsed without an RTC determination.

The undisputed facts show that National Union filed its claim with the RTC on July 1, 1993, and then filed its declaratory judgment action in this court on November 12, 1993, without having received any determination from the RTC. On November 22, 1993, the RTC asked for an extension of time for making its determination until February 27, 1994. National Union replied to this request by stating that it had already filed suit in district court. The RTC has never made a determination regarding the National Union's administrative claim.

Since the parties did not agree to an extension of time,[4] the 180 day time period for the RTC to make its determination expired on December 28, 1993. Thus, for all practical purposes the administrative remedies have now been exhausted. The RTC contends, however, that National Union could only have filed its suit during the 60–day period from December 28, 1993, to February 28, 1994. Since National Union's suit was filed prior to this 60 day period, the RTC argues that the court lacks subject matter jurisdiction.

The administrative claims procedure is mandatory, and federal courts have no jurisdiction over claims made outside the that procedure. 12 U.S.C. § 1821(d)(13)(D). Every court that has considered the issue has determined that exhaustion of the FIRREA administrative remedies is a jurisdictional prerequisite to bringing suit in district court. *See, e.g., Bueford v. RTC,* 991 F.2d 481, 484 (8th Cir.1993) (holding that administrative exhaustion required before court acquires subject matter jurisdiction over claim brought against RTC as receiver); *Henderson v. Bank of New England,* 986 F.2d 319, 321 (9th Cir.) ("A claimant must therefore first complete the claims process before seeking judicial review."), *cert. denied,* —— U.S. ——, 114 S.Ct. 559, 126 L.Ed.2d 459 (1993); *Office and Professional Employees Int'l Union Local 2 v. FDIC,* 962 F.2d 63, 66 (D.C.Cir.1992) ("FIRREA ... preclude[s] suit on a claim that was not first presented to the Receiver."); *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992) (holding that statute's language clearly requires exhaustion of administrative remedies before judicial intervention); *Rosa v. RTC,* 938 F.2d 383, 391–92 (3d Cir.) (failure to exhaust administrative remedies deprives court of subject matter jurisdiction), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). *See also RTC v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991) (administrative claim procedures mandatory in cases where suit filed prior to appointment of receiver, but court retains jurisdiction conditioned upon compliance with the claim procedures).

In the cases just cited, and in the cases cited by the RTC, the jurisdiction issue arose because the claimants in those cases had failed to file any administrative claim prior to bringing suit. The court has been unable to locate any cases addressing the precise issue raised here, *i.e.,* whether a com-

---

**3.** FIRREA's limitation on judicial review applies to:

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [RTC] has been appointed receiver, including assets which the [RTC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the [RTC] as receiver. 12 U.S.C. § 1821(d)(13)(D).

**4.** The 180 day time period may be extended, but only by a written agreement between the claimant and the RTC. 12 U.S.C. § 1821(d)(5)(A)(ii).

plaint must be dismissed because administrative remedies were not exhausted at the time the complaint was filed even if such remedies are exhausted at the time the dismissal is being considered. After having reviewed the statutory language and context, and Supreme Court interpretations of other analogous statutes, this court determines that such a prematurely filed complaint must be dismissed.

■ "The starting point for interpretation of a statute 'is the language of the statute itself.'" *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). If the language of a statute is clear and unambiguous, then the court's inquiry ends and the plain meaning of the language is conclusive except in the rare case in which "literal application of a statute will produce a result demonstrably at odds with the intention of the drafters," *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), or when a plain meaning interpretation would lead to "patently absurd consequences." *United States v. Brown,* 333 U.S. 18, 27, 68 S.Ct. 376, 380, 92 L.Ed. 442 (1948).

FIRREA's bar on a court's jurisdiction over claims brought against the RTC applies "[e]xcept as otherwise provided in this subsection." 12 U.S.C. § 1821(d)(13)(D). The "except as otherwise provided" phrase allows a claimant to file suit only after the administrative claims process is completed, as described above. "FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion." *Meliezer,* 952 F.2d at 882. Under a literal reading of the statute, compliance with the administrative exhaustion requirement is a mandatory condition precedent for bringing suit. Nothing in the statute grants federal courts jurisdiction over prematurely filed complaints,

whether or not the administrative remedies are subsequently exhausted.

This interpretation does not run contrary to the statute's overall framework or the apparent intention of the drafters. As the Fifth Circuit has discussed, the FIRREA claims procedure was designed in part as a reaction to the Supreme Court's decision in *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). *See Meliezer,* 952 F.2d at 881. In *Coit,* the Court held that the statutes governing the Federal Savings and Loan Insurance Corporation did not give the agency exclusive jurisdiction over creditors' claims against failed savings and loan associations and did not mandate exhaustion of administrative remedies. *Coit,* 489 U.S. at 587, 109 S.Ct. at 1375. In devising the administrative claims procedure for FIRREA Congress attempted to address the constitutional and statutory concerns outlined in *Coit* in order to accomplish the goal of making administrative exhaustion "a proper prerequisite to further action by a claimant." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 419 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 215.

While no other court has ruled on the exact issue raised in this case, the Supreme Court has addressed the premature filing question in cases brought under different statutes with similar provisions. In those cases, the Court has held that prematurely filed suits must be dismissed.

The Federal Tort Claims Act (FTCA) contains an administrative exhaustion requirement very similar to FIRREA's.[5] In *McNeil v. United States,* —— U.S. ——, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the plaintiff first filed a complaint in district court. Four months later he submitted his claim to the proper agency which then denied the claim. *Id.* at ——–——, 113 S.Ct. at 1981–82. Even though little progress had been made in the litigation and the plaintiff had obtained the agency's denial of his claim, the district

---

5. The FTCA prohibits tort claims against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.... The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

court dismissed the complaint on the ground that it had been filed prematurely. *Id.* at ——, 113 S.Ct. at 1982. The Supreme Court upheld the dismissal based on the statute's language, finding that "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at ——, 113 S.Ct. at 1984.

The Court reached a similar conclusion in a case involving the citizen suit provision of the Resource Conservation and Recovery Act which permits any person to commence a civil action against an alleged violator of the Act, provided that no such suit is commenced prior to 60 days after a plaintiff has given notice of the violation to the alleged violator and various agencies. 42 U.S.C. § 6972(b)(1). In *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), the defendant moved for summary judgment on the ground that the plaintiffs had failed to notify the proper state agency and the Environmental Protection Agency. Plaintiffs then proceeded to give the proper notice and the district court denied defendant's motion. *Id.* at 24, 110 S.Ct. at 307. The Court held that the case should have been dismissed as being barred by the statute, even though the plaintiffs later gave the required notice and the district court had allowed 60 days for the agencies to take any enforcement action. *Id.* at 33, 110 S.Ct. at 312.

This court finds that FIRREA establishes a mandatory administrative claims procedure that deprives a district court of jurisdiction over suits filed before the claims procedure has been exhausted. Accordingly, Count I of National Union's complaint must be dismissed as to defendant RTC.

## IV. Jurisdiction over Declaratory Judgment Action

In Count II, the remaining count pending against defendant RTC, National Union alleges that certain actual or potential claims against the defendant directors and officers fall within various policy exclusions. National Union seeks a declaratory judgment that these claims are excluded from the policy's coverage.

■ The RTC argues that this court should decline jurisdiction over the declaratory judgment action. Its arguments can be summarized as follows: (1) the issues to be decided in this action are the same as those that may arise in future litigation brought by the RTC; (2) allowing the declaratory action to proceed improperly allows National Union, rather than the injured parties, to control the litigation; (3) National Union is attempting to force the RTC and other potential injured parties to litigate their claims in the forum and at the time chosen by National Union; (4) this action creates an undue and unnecessary burden on the RTC; and (5) National Union will suffer no harm by waiting until an actual demand for coverage is made before seeking to deny coverage.

In response, National Union alleges that even though the RTC has not yet filed any actions against the insureds, other lawsuits have been filed. National Union argues that the declaratory judgment action is appropriate for the following reasons: (1) declaratory judgment on this issue will conserve judicial resources because the issue of policy coverage will potentially arise in numerous lawsuits; (2) National Union may waive its rights by delaying its action challenging the policy; (3) National Union will suffer unnecessary financial hardship if forced to litigate the same issue in multiple lawsuits; (4) the factual issues relevant to this action are not identical to those that will necessarily arise in future tort actions; and (5) this action will not impose an undue burden on the RTC.

■ The Declaratory Judgment Act provides in part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act authorizes federal courts to declare the legal rights and obligations of adversaries, but does not impose a duty to do so. *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989). "Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *Id.*

(citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462, 65 S.Ct. 1384, 1390, 89 L.Ed. 1725 (1945)).

■ Generally, a court should exercise its jurisdiction to determine the parties' rights and obligations "when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Kunkel*, 866 F.2d at 1275 (citing E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). In this case, it is apparent that determining the applicability of the policy's exclusions will clarify the parties' legal relations and afford relief from the uncertainty surrounding National Union's obligations. While the declaration may not terminate the underlying disputes, it will resolve an issue that is very important to the resolution of those disputes, *i.e.*, insurance coverage for potentially liable parties.

■ Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability. Courts have " 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic] such a forum.' " *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir.1991) (quoting *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir.), *cert. denied*, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978)). It is unrealistic to require an insurance company to await lawsuit or judgment before allowing it to determine its obligations when a primary duty of an insurer is to attempt to settle claims against its insureds. *Kunkel*, 866 F.2d at 1275.

Courts have repeatedly endorsed district courts' exercise of jurisdiction under the Declaratory Judgment Act to resolve questions regarding insurance coverage. *See, e.g., Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941) (liability insurer's declaratory judgment action against its insured and an injured third party who had sued the insured in state court); *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575 (10th Cir.1991) (finding that district court abused discretion in declining to exercise jurisdiction over insur-

er's declaratory judgment action seeking declaration of non-liability under homeowner's policy); *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269 (10th Cir.1989) (court properly exercised jurisdiction over accountant's declaratory judgment action seeking a declaration of coverage provided by malpractice insurance policy); *Allendale Mut. Ins. Co. v. Kaiser Engineers*, 804 F.2d 592 (10th Cir. 1986) (district court abused discretion by dismissing insurer's declaratory judgment action), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987).

■ The court is not persuaded by the RTC's argument that the declaratory judgment action is inappropriate because the same factual issues may arise in future litigation. The Act specifically states that a court "may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Further, the factual issues relevant to this action do not appear to be identical to those that may arise in future tort actions. "[N]othing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Kunkel*, 866 F.2d at 1276.

Nor should the court necessarily decline jurisdiction simply because the controversy could be settled in another pending proceeding. "Rather, the court must decide whether the controversy can better be settled in a pending action, *i.e.*, 'whether there is such plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose.' " *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir.1991) (quoting *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 657 (10th Cir.1946)). No such proceeding is available in this case primarily because so many parties are affected. Requiring this issue to be litigated in multiple lawsuits would not only impose a burden upon the parties involved and waste judicial resources, it would also leave open the possibility of multiple inconsistent judgments.

Finally, it does not appear that this action will impose any substantial hardship on the

RTC. The court finds it ironic that an agency operating under a statute that imposes such strict deadlines on third parties wishing to bring claims (see discussion above regarding administrative claims procedure) would complain that an adversary "is attempting to force [it] into litigation it is not ready to enter." RTC's Brief in Support of Motion to Dismiss at 10, n. 5. The RTC is not the only party affected by the coverage of this policy and it is impractical to make any determination regarding the policy unless all affected parties are made a part of the action.

For the reasons discussed above, the court finds that its exercise of jurisdiction over National Union's declaratory judgment action is proper.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant RTC's motion to dismiss (Doc. 96) is granted in part and denied in part. Count I of plaintiff's complaint is dismissed as to defendant RTC only.

**IT IS SO ORDERED.**