Dear Dr. Arveson:
You have requested an opinion of this office on behalf of the Department of Education pertaining to LSA-R.S. 24:604 regarding the power of the legislative fiscal office to secure access to individual student and staff data collected through automated databases within the Department. You have indicated that it is the opinion of the legislative fiscal office that LSA-R.S. 24:604
grants them authority to access all data collected by the department. Specifically, you ask:
 1) Are there any provisions either state or federal, which limit access to personally identifiable data for individual students? For Personnel?
 2) Does R.S. 24:604 specifically provide the legislative fiscal office the authority to access any and all individual student and personnel data collected by the Department of Education, even if other statutes or laws exist?
 3) What limitations or restrictions, if any, does the Buckley Amendment impose on our authority to release individual student information?
In response to your first and third questions, there are provisions in the Buckley Amendment whose proper name is the Family Educational Rights and Privacy Act that limit access to personally identifiable data for individual students. The Buckley Amendment generally protects the privacy rights of parents and students to "education records" or personally identifiable information contained therein other than directory information of students without the written consent of their parents to any individual, agency, or organization. (See 20 U.S.C. § 1232g(b)(1)). The Buckley Amendment applies to any educational agency or institution that receives federal funds. Please note that the Buckley Amendment limits the release of personally identifiable information to parents if their child is in an institute of post secondary education.
"Education records" means:
 . . . except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which i) contain information directly related to a student; and ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.
(See 20 U.S.C. § 1232g(a)(4)(A))
Also, see 20 U.S.C. § 1232g(a)(4)(B) for what is not included in the term "education records." The term "directory information" relating to a student includes the following:
 . . . the student's name, address, telephone listing, date and place of birth, major field of study, anticipation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.
(See 20 U.S.C. § 1232g(a)(5)(A))
Additionally, 20 U.S.C. § 1232g(b)(4)(A) provides:
 Each educational agency or institution shall maintain a record, kept with the education records of each student, which will indicate all individuals (other than those specified in paragraph (1)(A) of this subsection), agencies, or organizations which have requested or obtained access to a student's education records maintained by such educational agency or institution, and which will indicate specifically the legitimate interest that such person agency, or organization has in obtaining this information . . . (Emphasis Added)
Exempted from the definition of "education records" and not subject to the Buckley Amendment are:
 State and local officials or authorities to whom such information is specifically required to be reported or disclosed pursuant to State statute adopted prior to November 19, 1974.
(See 20 U.S.C. § 1232g(b)(1)(E))
and
 (5) Nothing in this section shall be construed to prohibit State and local educational officials from having access to student or other records which may be necessary in connection with the audit and evaluation of any federally or State supported education program or in connection with the enforcement of the federal legal requirements which relate to any such program, subject to the conditions specified in the proviso in paragraph (3).
(See 20 U.S.C. § 1232g(b)(5))
It should be noted that 20 U.S.C. § 1232g(b)(1) states:
 Nothing in clause (E) of this paragraph shall prevent a State from further limiting the number or type of State or local officials who will continue to have access thereunder.
These exemptions are two of the numerous exceptions as specified in 20 U.S.C. § 1232g(b). However, these exemptions are the only relevant exemptions to the issues-at-hand.
Article I Section 5 of the Louisiana Constitution addresses the privacy rights of an individual in general. It states as follows:
 Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
Since there is no jurisprudence pertaining to this constitutional provision concerning the issues you have presented, we will look to federal jurisprudence and attorney general opinions to address your concerns.
In the Matter of the Application of the Board of Education of theCity of New York v. Regan, 500 N.Y.S.2d 978, the comptroller of the State of New York directed a subpoena duces tecum to the city board of education and chancellor of the board after the board refused to supply the comptroller with a list of students identified as suitable candidates for the city board of education's attendance improvement and drop-out prevention program, which the comptroller was attempting to audit. The Board refused to supply the city with the list based upon their interpretation of the Family Educational and Privacy Rights Act,20 U.S.C. § 1232g. The city alleged that two exceptions permit them access to the list. They cite 20 U.S.C. § 1232g(b)(5) which allows the state and local educational officials access to student records or other records which may be necessary in connection with an audit and evaluation of any federally or state supported educational program or in connection with the enforcement of the federal legal requirements which relate to any such program. They also cite 20 U.S.C. § 1232g(b)(1)(E) which provides an exception to confidentiality when the records are sought by state and local officials or authorities to whom such information is specifically required to be reported or disclosed pursuant to state statute adopted prior to November 19, 1974.
The Supreme Court of New York focused on the word "specifically" in 20 U.S.C. § 1232g(b)(1)(E). The respondent pointed to several constitutional and statutory provisions pre-dating 1974 which requires the state comptroller to audit state agencies. However the court found that there was no statute pre-dating 1974 which specifically required that names of the students-in-question be disclosed. Therefore, the court concluded that it would be feasible for the respondent to audit the Board, and carry out duties specified by the statute without being provided with the names.
Unlike the Regan case, Louisiana does have a statute that allows the Legislative Fiscal Officer and members of its staff to inspect and make copies of any books, records, or files of all departments, institutions and subdivisions of the state. It is located in LSA-R.S. 24:604 and states the following:
 The legislative fiscal officer and members of the staff of the legislative fiscal office shall have the power to inspect and make copies of any books, records, or files of all departments, institutions and subdivisions of the state, and any and all instruments and documents pertaining to the function of the legislative fiscal office.
In addition, the legislative fiscal officer and members of the staff shall have the power and authority to inspect all records which are classified as confidential by any of the laws of the state, but shall be required to maintain confidentiality of such records except for the purpose of developing general statistics and program evaluations of the operations of the state agencies. (Emphasis added)
In Kansas Attorney General Opinion Number 79-21, the Attorney General dealt with a similar issue. The principal question addressed was whether the Kansas Legislative Post Auditor has the authority under K.S.A. 1978 Supp. 46-1106 (g) to obtain access to certain student records maintained by community junior colleges. The opinion cites 20 U.S.C. § 1232g(b)(1)(E) and20 U.S.C. § 1232g(b)(5). The amendment to the Kansas statute reads in pertinent part as follows:
 In the discharge of the duties imposed under the legislative post auditor shall have access to all books, accounts, records, files, documents, correspondence, confidential or otherwise, of any person or state agency subject to the legislative post audit act or in the custody of any such person or state agency . . . . Nothing in this subsection shall be construed to supersede any specific prohibition imposed by federal law.
The Kansas opinion opined that a reading of the Kansas statute as cited above and 20 U.S.C. § 1232g(b)(1)(E) specifically authorizes the Legislative Post Auditor to have access to such student records without obtaining student or parental consent.
Louisiana R.S. 24:604 is similar to the Kansas Statute in that it allows the Legislative Fiscal Officer access to any desired records and information of all departments, institutions and subdivisions of the state and any and all instruments and documents pertaining to the function of the legislative fiscal office. Since the statute was added by Acts 1973, No. 169, § 1, effective July 1, 1974, which is prior to November 19, 1974, as required by 20 U.S.C. § 1232g(b)(1)(E), the requirements of disclosure as set forth in LSA-R.S. 24:604 appear to be within the parameters of 20 U.S.C. § 1232g(b)(1)(E). Since LSA-R.S.24:604 provides that the Legislative Fiscal Officer and members of the staff of the Legislative Fiscal Office shall have the power to inspect and make copies of and any and all instruments and documents pertaining to the function of the Legislative Fiscal Office as opposed to collecting information through automated databases, the Department of Education is not required to download their records to the Legislative Fiscal Office. However, they are required to allow the Legislative Fiscal Office to inspect their files and make copies.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY__________________ BETH CONRAD LANGSTON Assistant Attorney General