The Honorable Carol Beggs State Representative, 71st District P.O. Box 1222 Salina, Kansas 67402-1222
Dear Representative Beggs:
You request our opinion concerning the objections of property owners to an improvement initiated by a city pursuant to the general improvement and assessment law, K.S.A. 12-6a01 et seq. Specifically, you inquire whether protests of an improvement must be signed by 51% or more of the resident owners of record of property within the improvement district in addition to the owners of record of more than half the total area of the property in the improvement district.
K.S.A. 12-6a06 states in relevant part as follows:
 "The governing body may . . . adopt a resolution authorizing the improvement in accordance with the finding of the governing body upon the advisability of the improvement . . . Provided, The improvement shall not be commenced if, within 20 days after publication of the resolution ordering the improvement, written protests signed by both 51% or more of the resident owners of record of property within the improvement district and the owners of record of more than half of the total area of such district are filed with the city clerk. . . ." (Emphasis added).
K.S.A. 12-6a01 et seq. grants broad authority for undertaking all types of municipal improvements initiated either by citizen petition or by a resolution of a city governing body as to the advisability of the proposed improvement. K.S.A. 12-6a04
contains provisions relating to notice and hearing, provides for a resolution determining advisability and requires that notice be given of the extent of the proposed improvement district to be assessed and the proposed method of assessment. K.S.A. 12-6a06
establishes the procedure for adopting a resolution authorizing the improvement and prescribes the method for lodging protests.Board of Education v. City of Topeka, 214 Kan. 811, 814-815
(1974).
The starting point for the interpretation of a statute is the language of the statute itself. National Union Fire InsuranceCompany of Pittsburg, Pa. v. Midland Bancor, Inc., 854 F. Supp. 782
(D.Kan.). Our research detected no cases addressing this issue, however, it is our opinion that K.S.A. 12-6a06 is clear and unambiguous concerning protest requirements. First, the protest must be signed by at least 51% of the resident owners of record in the improvement district and, second, the protest must also contain the signatures of the owners of record (resident or nonresident) of more than half of the area of the improvement district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm