Charlotte BUEFORD, Appellant,

v.

RESOLUTION TRUST CORPORATION, as Receiver for United Federal Savings Bank of Iowa, Appellee.

No. 92–1708.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1993.

Decided April 16, 1993.

Thomas Mann, Jr., Des Moines, IA, argued, for appellant.

Richard B. Sobol, New Orleans, LA, argued (Terrence D. Brown, Des Moines, IA, on the brief), for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

This appeal results from the district court's dismissal of Bueford's employment discrimination action against the Resolution Trust Corporation. The district court found that Bueford's failure to exhaust the administrative procedure detailed in 12 U.S.C. § 1821(d) deprived it of jurisdiction, and therefore dismissed the action with prejudice. We affirm.

## I. BACKGROUND

On March 14, 1990, Bueford filed an employment discrimination action in the District Court of Polk County, Iowa, pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.* and to section 601A.16 of the Code of Iowa (1989). In her complaint, Bueford alleged that she was wrongfully terminated from her job with United Federal Savings Bank of Iowa ("United Federal") as a result of age and race discrimination. She properly exhausted administrative remedies, and received a right to sue letter from the Iowa Civil Rights Commission. Appendix at 10. Bueford then filed suit in the district court. While the matter was still pending, the Office of Thrift Supervision appointed the Resolution Trust Corporation ("RTC") as the receiver for United Federal. In a letter dated March 29, 1991, the RTC notified Bueford's attorney of the receivership, as required by the 1989 Financial Institutions

Reform, Recovery, and Enforcement Act, ("FIRREA") 12 U.S.C. § 1821(d)(3).[1] This letter notified Bueford that:

all persons, firms, corporations, partnerships, associations, trusts, estates, or other entities of whatever nature, who may have claims against the Association, are directed to present any such claims, together with legal proof thereof, to the Resolution Trust Corporation.... Any such claim not presented to the Resolution Trust Corporation before June 30, 1991, may be barred.[2]

Appendix at 55–56. On May 14, 1991, the RTC was substituted as the real party in interest in Bueford's employment discrimination case.

The RTC removed the action from the Iowa District Court to the United States District Court for the District of Columbia, pursuant to 12 U.S.C. § 1441a(a)(11). The RTC then moved for a change of venue under 28 U.S.C. § 1404(a). On June 19, 1991, the case was transferred to the United States District Court for the Southern District of Iowa. On September 27, 1991, the RTC filed a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss the claim for lack of subject matter jurisdiction. In this motion, the RTC contended that Bueford's failure to exhaust the administrative procedures as mandated by 12 U.S.C. § 1821(d) deprived the court of jurisdiction to hear the case. The district court granted the RTC's motion to dismiss with prejudice, and this appeal ensued.

## II. DISCUSSION

Bueford appeals the district court's 12(b)(1) dismissal of her case contending that: (1) FIRREA does not mandate admin-

---

1. 12 U.S.C. § 1821(d)(3) provides in relevant part:

     **(B) Notice requirements**
     The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall—
     (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice;
     ....
     **(C) Mailing required**

The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institutions books—
     (i) at the creditor's last address appearing in such books.

2. In light of the fact that no court has jurisdiction to hear a claim that is not presented to the RTC, and that the RTC will disallow a claim not brought within the statutory window, this notice letter should read: "any such claim not presented to the RTC before [date] *will be barred.*"

istrative review; (2) FIRREA does not apply to pending actions; (3) the RTC is estopped from asserting a lack of subject matter jurisdiction; (4) if FIRREA does mandate administrative review, the requirement violates due process; and (5) the RTC failed to comply with the statutory notice provisions. Subject matter jurisdiction in this case is a question of law, and we review de novo. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir.1990).

## A. Subject Matter Jurisdiction

■ The language of FIRREA clearly indicates that unless administrative procedures are complied with, no court shall have jurisdiction to evaluate a claim brought against a failed banking institution for whom the RTC has been appointed receiver.[3] Every court that has considered the issue has found exhaustion of FIRREA's administrative remedies to be a jurisdictional prerequisite to suit in district court. *See Henderson v. Bank of New England,* 986 F.2d 319 (9th Cir.1993) (section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821); *Office and Professional Employees Int'l Union Local 2 v. FDIC,* 962 F.2d 63, 66 (D.C.Cir.1992) ("FIRREA, particularly 12

U.S.C. § 1821(d)(6) and (13)(D) ... preclude suit on a claim that was not first presented to the Receiver"); *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992) (the language of FIRREA makes it clear that exhaustion of administrative remedies is a prerequisite for judicial intervention); *RTC v. Elman,* 949 F.2d 624, 627 (2d Cir.1991) (a claimant must first present its case to the RTC under the administrative procedures erected by FIRREA before seeking relief in the federal courts); *Rosa v. RTC,* 938 F.2d 383, 391 (3d Cir.) (same), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991).[4] Indeed, the Supreme Court has consistently held that where Congress has imposed an administrative exhaustion requirement by statute, the exhaustion of those procedures is mandatory. *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.,* 489 U.S. 561, 579, 109 S.Ct. 1361, 1371, 103 L.Ed.2d 602 (1989).

We agree with the conclusion reached by the other circuits. The language of the statute makes it clear that administrative exhaustion is required before any court acquires subject matter jurisdiction over a claim brought against the RTC as receiver for a failed banking institution.[5]

---

**3.** 12 U.S.C. § 1821(d)(6)(B) provides in relevant part:

**B. Statute of Limitations**

If any claimant fails to—

(i) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or

(ii) file suit on such claim ... before the end of the 60–day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

12 U.S.C. § 1821(d)(13)(D) provides:

**(D) Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

**4.** There seems to be some disagreement among the circuits as to the exact location of the jurisdictional bar within FIRREA. The Third Circuit has relied on 12 U.S.C. § 1821(d)(13), while the Fifth Circuit based its decision on 12 U.S.C. § 1821(d)(6)(B). We find that either of these subsections can provide the basis for a jurisdictional bar, and we rely on both subsections in our decision.

**5.** Bueford also argues that any application of FIRREA's administrative procedure to her claim results in an implied preemption of Title VII. As this argument is premised on Bueford's misunderstanding of FIRREA, see Part D. *infra,* we need not address it further. We note, however, that it may be possible for FIRREA's administrative procedure to conflict with Title VII's administrative exhaustion requirements. The issue of which statute's administrative process should take precedence at that point is not before us. We merely note the potential conflict.

## B. Pending Litigation

■ Bueford claims that even if administrative exhaustion is required under FIRREA, she is exempt from these procedures because her case was pending at the time the receiver was appointed. She contends that the application of FIRREA's administrative requirements to a pending case would constitute a retroactive application of the statute and therefore would be improper. We do not agree.

Section 1821(d)(6)(B) provides that a claim which has not been presented to the RTC by the end of the statutory period shall be deemed disallowed, and no further appeal will be possible. This bar specifically includes: "an action commenced before the appointment of the receiver." 12 U.S.C. § 1821(d)(6)(B)(ii).[6] We find this language to clearly indicate that FIRREA is to be applied to pending actions. *See Marquis v. FDIC*, 965 F.2d 1148 (1st Cir.1992) (FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver); *RTC v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir.1991) (per curium) (FIRREA's administrative claims procedures must be complied with, even in cases where suit was filed prior to the appointment of the receiver); *see also FDIC v. Kasal*, 913 F.2d 487 (8th Cir.1990) (applying FIRREA's section 1819 amendments to case pending on appeal when the amendments became law), *cert. denied*, 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991). We conclude, therefore, that the plain language of the statute mandates its application to Bueford's employment discrimination action.

6. Other relevant sections include section 1821(d)(5)(F)(ii) which provides:
the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver;
and section 1821(d)(6)(A) which provides in relevant part:
Before the end of the 60–day period ... the claimant may request administrative review

## C. Estoppel

■ Bueford contends that the RTC's active participation in the underlying lawsuit estops it from raising the issue of subject matter jurisdiction.[7] She bases this contention on the fact that the RTC filed various motions with the district court. The RTC's participation, she reasons, indicates consent to the jurisdiction of the district court, and constitutes a waiver of the exhaustion requirement. Having consented to the jurisdiction of the court, Bueford concludes, the RTC has waived any objections to subject matter jurisdiction and is estopped from subsequently raising such objections.

■ We cannot agree with Bueford's analysis. Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court *sua sponte*. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") FIRREA contains an exhaustion requirement as a pre-requisite for suit in any court, and the statute contains no waiver provision. *See FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 136 (3d Cir.1991). Therefore, the RTC cannot, by its own conduct or otherwise, be estopped from raising the issue of subject matter jurisdiction.

## D. Deprivation of Due Process

■ Under 12 U.S.C. § 1821(d)(5)(D), the RTC may reject Bueford's claim unless it is proven "to the satisfaction of the receiver," a standard which Bueford contends is unconstitutionally vague. She further interprets FIRREA as preventing an appeal to the district court in the event that the RTC

of the claim in accordance with [the statute] or file suit on such claim (*or continue an action commenced before the appointment of the receiver*).
(emphasis added).

7. For purposes of this discussion, we assume without deciding that the doctrine of estoppel can be applied to the RTC.

should deny her claim. Therefore, she contends that requiring her to exhaust FIRREA's administrative remedies amounts to a deprivation of her right to due process. If her analysis of FIRREA were correct, we might be inclined to agree that FIRREA implicates due process concerns. However, Bueford has misinterpreted the statute.[8]

Bueford relies 12 U.S.C. §§ 1821(d)(5)(D) and (E)[9] for her contention that an administrative determination to disallow a claim under FIRREA cannot be reviewed by a court of law. These sections do lend themselves to the interpretation advanced by Bueford, and were we to consider them in isolation, we might be persuaded by her arguments. However, it is a basic tenet of statutory construction that provisions are to be read in context. Furthermore, statutory provisions are to be read, whenever possible, in a way that does not render other provisions meaningless. *In re Hanna,* 912 F.2d 945, 952 (8th Cir.1990). The subsection following the provision relied on by Bueford is entitled "Provision for agency review or judicial determination of claims." 12 U.S.C. § 1821(d)(6). This subsection flatly contradicts the interpretation advanced by Bueford. Indeed, much of the rest of the section deals with the availability of judicial review after claimants have exhausted their administrative remedies under FIRREA. If we were to adopt Bueford's interpretation of FIRREA, these provisions would have no meaning.

FIRREA is not a model of statutory clarity, and the provisions that misled Bueford are, in fact, confusing. However, a reading of the statute as a whole clearly spells out when and how judicial review is available. We are particularly persuaded by the interpretation advanced by other circuits

that section 1821(d)(5)(E) directs the district courts to analyze claims against failed banking institutions de novo. *See Office and Professional Employees,* 962 F.2d at 65 (Congress instructed district courts to determine claims against failed banks de novo rather than merely to review the receiver's initial determination for error or abuse of discretion); *Rosa,* 938 F.2d at 391 ("Subsection (d) of § 1821 provides for de novo district court jurisdiction only after the filing of a claim with, and the initial processing of that claim by, RTC pursuant to § 1821(d)(5) and (6)(A).") Since the language of the statute expressly provides for judicial review after exhaustion of the administrative procedures, Bueford cannot prevail on her claim that FIRREA's administrative procedures deny her due process by making judicial review unavailable.

### E. Improper Notice

■ The RTC notified Bueford that it had been appointed receiver for United Federal by sending a notice letter to her attorney. FIRREA requires that the RTC mail a notice letter to "the creditor's last address appearing in [the failed institution's] books." 12 U.S.C. § 1821(d)(3)(C)(i). Bueford contends that the notice letter sent to her attorney does not comply with the plain language of the statute and therefore cannot constitute notice under the statute.

■ Bueford bases this argument on the notion that the notice requirement of FIRREA must be strictly and literally enforced. We think that this reasoning is misguided. Of course, notice is a critical factor of the FIRREA statutory scheme, and the RTC must comply with the statutory requirements. However, when the RTC knows that a claimant is represented by

---

8. Relying on her interpretation of FIRREA, Bueford also contends that any recourse to FIRREA's administrative remedy would be futile. Since we find her interpretation of the statute to be erroneous, we need not delve further into an analysis of the futility exception to exhaustion requirements.

9. Section 1821(d)(5)(D) and (E) provide in relevant part:

   **(D) Authority to disallow claims**
     **(i) In general**

The receiver may disallow any portion of any claim by a creditor or claim of security, preference, or priority which is not proved to the satisfaction of the receiver.

   . . . .

   **(E) No judicial review of determination pursuant to subparagraph (d)** [sic]

   No court may review the Corporation's determination pursuant to subparagraph (D) to disallow a claim.

counsel with regard to a claim, and especially when litigation is pending, it is entirely proper for the RTC to notify the claimant of the receivership via her attorney. *See Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Indeed, to do otherwise might be an improper communication with a represented party, and could well be a breach of professional ethics. *See* Fed.R.Civ.P. 5(b) ("[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court").

## III. CONCLUSION

For the reasons stated above, we affirm the decision of the district court in its entirety.