In re EMERALD INTERNATIONAL IN-VESTMENTS, INC. d/b/a the Shelborne Beach Hotel, Debtor.

EMERALD INTERNATIONAL INVEST-MENTS, INC. d/b/a the Shelborne Beach Hotel, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as receiver of Southeast Bank, N.A., Defendant.

Bankruptcy No. 91–12886–BKC–AJC.
Adv. No. 95–01253–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Dec. 11, 1995.

Joanne Gelfand, Snow, Becker, Krauss, P.C., New York City, Michael J. Gelfand, Gelfand & Arpe, P.A., West Palm Beach, Florida, for Debtor.

Law Offices Halley, Sinagra & Perez, P.A., Miami, Florida, for F.D.I.C.

## ORDER ON STATUS CONFERENCE TO DETERMINE STATUS OF ADVERSARY PROCEEDING

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court upon an Order of Transfer from the United States District Court for the Southern District of Florida dated August 24, 1994 and filed with this Court on September 7, 1995, wherein the District Court, upon mandate issued by the Eleventh Circuit Court of Appeals, transferred the above-styled adversary proceeding the this Court for all further proceedings.

## BACKGROUND

On June 18, 1991, the Debtor, Emerald International Investments, Inc. ("Emerald") filed a chapter 11 bankruptcy petition.

In a notice dated August 4, 1992, the Federal Deposit Insurance Corporation (the "FDIC") informed Emerald that the Office of the Comptroller of the Currency had declared insolvent and closed Southeast Bank, N.A. ("Southeast"). The notice also announced the appointment of the FDIC as receiver, and stated that creditors should file claims against Southeast with the FDIC within 30 days of the date of notice, or risk having their claims disallowed.

On September 1, 1992, the FDIC received Emerald's claim against Southeast in the amount of $268,141.91 representing loan payments made to Southeast.[1] Though apparently timely filed, the FDIC stated in a notice dated February 17, 1993 that Emerald's claim "should be entirely disallowed" because it was "not timely filed."

Based on the adverse determination of its claim, Emerald immediately filed, on February 25, 1993, a lawsuit in the United States District Court for the Southern District of Florida to obtain a trial *de novo,* pursuant to 12 U.S.C. § 1821(d)(6)(A).

On November 24, 1993, the District Court dismissed Emerald's action without prejudice. The court, citing the Southern District of Florida's Administrative Order No. 84–12, determined that "Emerald's fraudulent transfer claim must be presented to the bankruptcy court." The District Court then dismissed the action without prejudice "for resubmission in the bankruptcy court."

Emerald moved for reconsideration arguing that, by dismissing the action, the District Court in effect was precluding Emerald

---

1. Emerald contended that the payments constituted fraudulent transfers in violation of 11 U.S.C. § 548 and Florida Statutes §§ 726.101–201, and could be avoided pursuant to 11 U.S.C. § 544.

from resubmitting its case to the Bankruptcy Court because the 60–day statute of limitations period under 12 U.S.C. § 1821(d)(6)(A) was by this point expired. The District Court denied Emerald's Motion for Reconsideration on January 14, 1994. Emerald appealed to the Eleventh Circuit Court of Appeals.

The Eleventh Circuit agreed with Emerald and concluded that the District Court abused its discretion by dismissing Emerald's action. The court stated that had the district judge felt the claim belonged in the Bankruptcy Court, it could have so ordered or transferred such without resort to dismissal and, in the process, preserved Emerald's action. Accordingly, on May 25, 1995, the Eleventh Circuit Court of Appeals, *per curiam*, reversed the District Court's order of dismissal and remanded the case to the District Court with directions that the District Court refer the case to the Bankruptcy Court.

### APPLICABLE LAW AND DISCUSSION

The FDIC's claims process was enacted in 1989 as part of the Financial Institutions Reform, Recovery and Enforcement Act, Pub.L. No. 101–73, 103 Stat. 183 (Aug. 9, 1989) ("FIRREA") and is found at 12 U.S.C. § 1821(d)(3)–(13). The FDIC's claims process under 12 U.S.C. § 1821(d)(3)–(13) gives the FDIC the authority to disallow claims not proved to its satisfaction. 12 U.S.C. § 1821(d)(5)(D); *Bueford v. RTC*, 991 F.2d 481, 486 (8th Cir.1993).

To effectuate its goals of managing claims in an expeditious and efficient manner through an administrative process, Congress placed jurisdictional limits on the power of the federal courts to review matters involving failed savings and loans under FIRREA. The precise jurisdictional limitations on federal courts mandated by FIRREA are determined by reading § 1821(d)(13)(D) in conjunction with the statute's allowance of an action within sixty days of a claim being denied as provided for in § 1821(d)(6)(A). Together, these provisions mandate that the district court not hear any claim until it has been rejected by the RTC in its administrative review or until the 180 day administrative review period has expired. *Brady Dev.*

*Co. v. RTC*, 14 F.3d 998, 1003 (4th Cir.1994). Therefore, § 1821(d)(6) does not prohibit judicial review, but rather spells out when and how judicial review is available. Congress instructed district courts to determine claims against failed banks *de novo* rather than merely to review the receiver's initial determination for error or abuse of discretion. 12 U.S.C. § 1821(d)(6)(A); *Office and Professional Employees Int'l Union Local 2 v. FDIC*, 962 F.2d 63 (D.C.Cir.1992); *Rosa v. RTC*, 938 F.2d 383, 391–92 (3d Cir.1991); *Brady Dev. Co. v. RTC*, 14 F.3d 998, 1003 (4th Cir.1994); *Bueford v. RTC*, 991 F.2d 481, 486 (8th Cir.1993). The legislative history which discussed the FDIC's claim process states:

> The agency's determination cannot be appealed but a claimant, after exhaustion of administrative remedies, **may choose to present its claim de novo in the District Court** or to use an administrative review procedure established by the agency. (emphasis added).

(H.R. No. 101–54(1), 101st Cong. 1st Sess. (1989). Reprinted in 1989 U.S.C.C.A.N. 86, 130).

Specifically, § 1821(d)(6)(A) provides that in order to pursue a claim disallowed by the FDIC a party may, within 60 days of the date of the notice of disallowance, "file suit on such claim ... in the district or territorial court of the United States for the district which the depository institution's principal place of business is located or in the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." 12 U.S.C. § 1821(d)(6)(A) (West 1989). Emerald filed suit on its claim eight days after the FDIC's February 17, 1993 notice of denial of Emerald's claim as untimely; therefore Emerald was well within the 60–day time limit to pursue its disallowed claim in the District Court under § 1821(d)(6)(A). Moreover, because the Eleventh Circuit reversed the dismissal of Emerald's § 1821 lawsuit and remanded the matter to the District Court to be transferred to the Bankruptcy Court, the suit before the Bankruptcy Court is also timely.

This matter is a case of first impression in the United States Bankruptcy Court for the Southern District of Florida. As a rule, in order to pursue a claim disallowed by the FDIC, a party must file suit in the District Court where the depository's principal place of business is located. As set out above, Emerald did timely file suit in the District Court and the suit was dismissed by the District Court. However, upon the dismissal of Emerald's § 1821 lawsuit and the subsequent reversal of the dismissal of Emerald's suit, the Eleventh Circuit remanded the § 1821(d)(6)(A) proceedings to be heard by the Bankruptcy Court. Accordingly, the Bankruptcy Court in effect has been directed to determine a matter traditionally heard by the District Courts.

Based on the foregoing, the Court determines that pursuant to the order of the Eleventh Circuit Court of Appeals and § 1821(d)(6)(A), Emerald shall be allowed to present to this Court *de novo* its claim which was disallowed by the FDIC in accordance with the claims process under 12 U.S.C. § 1821(d)(13). Accordingly, it is

**ORDERED:** that the Court shall enter its standard pre-trial order regarding Emerald's trial *de novo* of the FDIC's disallowance of Emerald's claim.

**DONE AND ORDERED.**