[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 13, 1997
The plaintiff's motion to dismiss the counterclaim and special defenses of the defendant, Anne Marie Sanchez, for lack of subject matter jurisdiction, based upon the defendant's failure to exhaust administrative remedies (Motion #154), is granted, in part, and denied, in part. Once the Resolution Trust Corporation (RTC) has been appointed receiver for a failed banking institution, § 1821(d)(13)(D) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) divests courts of jurisdiction over both claims and counterclaims against the RTC or the institution until the claimants have exhausted the administrative procedures created by the Act. 12 U.S.C. § 1821
(d)(13)(D); Resolution Trust Corp. v. Midwest FederalSavings Bank of Minot, 36 F.3d 785, 791 (9th Cir. 1993). Exhaustion is required for counterclaims filed after the RTC was appointed receiver for the institution, even if the underlying action was initiated by the institution before the RTC was appointed. Resolution Trust Corp. v. Kolea, 866 F. Sup. 197, 203
(E.D.Pa. 1994); Guglielmi v. Federal Deposit Insurance Corp.,863 F. Sup. 54, 57 (D.R.I. 1994). FIRREA's exhaustion requirements apply to borrowers as well as creditors of the failed institution. Federal Deposit Insurance Corp. v. Updike Brothers,Inc., 814 F. Sup. 1035, 1039-40 (D.Wyo. 1993). Notice mailed by the RTC to the counsel of record for the defendant is sufficient to trigger the exhaustion requirement. Guglielmi v. FederalDeposit Insurance Corp., supra, 58. Nevertheless, lack of proper notice by the RTC does not waive the exhaustion requirements.Bueford v. Resolution Trust Corp., 991 F.2d 481 (8th Cir. 1993);Meliezer v. Resolution Trust Corp., 952 F.2d 879 (5th Cir. 1992); CT Page 2603Resolution Trust Corp. v. Wayne Coliseum, Ltd., 793 F. Sup. 900,905 (D.Minn. 1992). Therefore, the plaintiffs counterclaim alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 (b), which was filed after the RTC was appointed receiver for the institution, is dismissed for the defendant's failure to exhaust the administrative requirements of FIRREA.
However, the trial court retains jurisdiction over certain affirmative defenses that have not been first presented to the agency for determination. Resolution Trust Corp. v. Love,36 F.3d 972, 978 (10th Cir. 1994); Resolution Trust Corp. v. MidwestFederal Savings Bank of Minot, 4 F.3d 1490, 1497 (9th Cir. 1993);Resolution Trust Corp. v. Schonacher, 844 F. Sup. 689, 693-96
(D.Kan. 1994). Under the two-step analysis in Schonacher, the determination of whether exhaustion is required for an affirmative defense depends on whether the claim embodied in the defense is of the type described in § 1821(d)(13)(D), and whether the claim could have been brought independently by the defendant against the institution or the RTC. Resolution TrustCorp. v. Schonacher, supra, 694. In the present case, the defendant's first special defense alleging unclean hands is essentially an estoppel defense brought in response to the institution's foreclosure action against the defendant and could not have been asserted independently against the RTC or the institution. See Resolution Trust Corp. v. Schonacher, supra,
696. Therefore, this defense is not subject to FIRREA's administrative claims procedure, and the trial court retains jurisdiction. Id. The defendant's second special defense, however, alleges that the institution breached its obligations under a construction mortgage agreement. This claim falls within the types of claims included in § 1821(d)(13)(D) as an action for determination of fights with respect to the assets of the failed institution or a claim relating to an act or omission of the institution and could have been brought independently by the defendants against the failed institution. Therefore, the defendant is required to exhaust the administrative procedures created in FIRREA prior to bringing this claim. See ResolutionTrust Corp. v. Schonacher, supra, 694-96.
In light of the foregoing, the plaintiff's motion to dismiss is denied as to the defendant's first special defense and is granted as to the defendant's counterclaim and second special defense. CT Page 2604
STODOLINK, J.