**Stanley Ernest SLANGAL, Plaintiff,**

v.

**William B. CASSEL, et al., Defendants.**

No. 4:CV97–3046.

United States District Court,
D. Nebraska.

April 28, 1997.

Stanley Ernest Slangal, Sargent, NE, pro se.

Charles E. Lowe, Attorney General's Office, Lincoln, NE, for William B. Cassel, C. Thomas White, Richard D. Sievers, Gary G. Washburn, Donald Stenberg, E. Benjamin Nelson.

Carlos E. Schaper, Schaper, Steffens Law Firm, Broken Bow, NE, for Carlos E. Schaper.

Randy D. Cullers, Stowell & Associates, Ord, NE, for Robert Stowell.

William V. Steffens, Broken Bow, NE, pro se.

Rodney W. Smith, Neligh, NE, pro se.

Craig A. Knickrehm, Brashear, Ginn Law Firm, Omaha, NE, for Tami K. Schendt, Ted E. Henderson, Tom Mayo, Judith F. Doty, Robert Scott, Carol M. Klingbeil, Kyle Russell.

Bradley P. Roth, McHenry, Haszard Law Firm, Lincoln, NE, pro se.

Kerry W. Kircher, Washington, DC, Geraldine R. Gennet, Carolyn Betz, Office of General Counsel, U.S. House of Representatives, Washington, DC, for William E. Barrett.

Gregory G. Jensen, Ord, NE, for Heloise Bresley.

Robert A. Munro, Munro, Munro Law Firm, Kearney, NE, for Bob Arnold.

David T. Schroeder, Kelly, Schroeder Law Firm, Grand Island, NE, for Jo Meyer, Melvin W. Meyer, Norman Buck, Betty Buck.

Robert T. Grimit, Baylor, Evnen Law Firm, Lincoln, NE, for Gregory Dobesh.

Steven E. Guenzel, Barlow, Johnson Law Firm, Lincoln, NE, for County of Custer.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Pending before me is the report and recommendation of Magistrate Judge Thalken that recommends that I grant ten motions to dismiss. (Filing 24.) He also recommends that I dismiss the entirety of the Plaintiff's complaint against all defendants without (1) waiting for each defendant to file a motion to dismiss, or (2) waiting to consider motions to dismiss which have been filed but which have not yet been addressed by the court. The judge further suggests that I impose limitations on the Plaintiff's ability to sue in this court.

After de novo review, I adopt the well-reasoned report and recommendations of Judge Thalken regarding dismissal of this case. While I will warn the Plaintiff regarding the filing of future abusive lawsuits, out of an abundance of caution I reject Judge Thalken's recommendation that I impose limitations on the Plaintiff's ability to sue. Briefly, my reasons for this decision are set forth below.

### Dismissal of Entire Case for Lack of Subject Matter Jurisdiction

■ Not only is the complaint deficient because it violates Rule 8 and it therefore fails to state a claim under Rule 12(b)(6) as

1216

noted by Judge Thalken, but even more importantly, this court lacks subject matter jurisdiction. Subject matter jurisdiction is, of course, essential.

The complaint is patently frivolous and malicious. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (a complaint is frivolous and malicious when (1) it is based upon "an indisputably meritless legal theory," or (2) the claim is based upon "factual contentions [that] are clearly baseless" [1]).

The complaint contains *no* plausible subject matter jurisdictional claim. It makes the absurd claim that this "[c]ase is under the Jurisdiction of the American Free Flag of Peace TITLE 4 U.S.C. 1 of the United [S]tates of America." (Filing 1.) Plaintiff names 44 judges, lawyers, law enforcement officers, elected officials, and others as defendants without stating what *any* of these people did to warrant being sued. The legal theories are expressed in an unintelligible form such as "Chilling Effect Doctrine," and the theories are particularly meaningless because none of them are explained or related to facts.

It has long been the rule that "lack of subject matter jurisdiction may be asserted at any time by the court, sua sponte, either at the trial or appellate level." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 202 & n. 15 (1990) (collecting cases). In fact, Fed. R.Civ.P. 12(h)(3) explicitly provides that *"[w]henever it appears* by suggestion of the parties or otherwise *that the court lacks Jurisdiction of the subject matter, the court shall dismiss the action."* (Emphasis added). *See Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir.1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time ... by the court *sua sponte.*") (citing Fed.R.Civ.P. 12(h)(3)).

When, as happens here, jurisdiction is asserted on "federal question" grounds, the "burden of proof" rests with the "party asserting jurisdiction"; that is, "the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 226–29 (footnotes omitted). Where, as here, the "defect appearing on the face of the complaint clearly is irremediable," it is not necessary to give the pleader an opportunity to be heard. *Id.* at 217–18 (footnote omitted).

The plaintiff was placed on notice of the subject matter jurisdiction problem by the very first motion to dismiss (filing 2). That motion explicitly asserted that dismissal was required because this court lacked subject matter jurisdiction. Despite such notice, Plaintiff has not tried to cure the problem.

Furthermore, Plaintiff was served with Judge Thalken's report and recommendation to dismiss the entire case. Among other things, Judge Thalken stated that Plaintiff's "flag" allegation "does not constitute any basis for this court's jurisdiction" (filing 24 at 2 n. 1). Yet, Plaintiff did not seek to amend. To the contrary, in response to Judge Thalken's report and recommendation, Plaintiff filed a two-sentence "Motion for denial of Report and Recommendations" (filing 28).

In summary, I will dismiss the entire case for lack of subject matter jurisdiction, without leave to amend and without further notice, because:

(1) The complaint is patently frivolous and malicious in that: (a) it sets forth *no* plausible basis of subject matter jurisdiction, and invocation of "flag" jurisdiction is absurd; (b) it fails to give *any* factual basis for the suit against the defendants; and (c) the legal theories are unintelligible, particularly because *none* of them are explained or related to facts.

---

1. Despite the fact that this is a "paid" complaint and *Neitzke* dealt with leave to proceed in forma pauperis, reliance upon *Neitzke* is appropriate since that case defines the parameters of a complaint which is frivolous and malicious. As will be discussed later in the text, a pleader asserting federal question jurisdiction must make a non-frivolous showing of subject matter jurisdiction. This is true for both paid and in forma pauperis complaints. Hence, one needs to know what "frivolous" means in order to decide whether the court has subject matter jurisdiction.

(2) The Plaintiff was placed on notice of the subject matter jurisdiction defect by the first motion to dismiss and Judge Thalken's report and recommendation. Despite such notice, the Plaintiff has not sought to cure the subject matter jurisdiction defect.

(3) Given the findings set forth in paragraphs one and two, concluding that the subject matter jurisdiction defect is irremediable is fair and the entire complaint should be dismissed without wasting more time on this case.

### Limitation of Future Suits

██ Judge Thalken, observing that the Plaintiff had filed six lawsuits like this one, recommended that I enjoin the Plaintiff from filing future lawsuits unless Plaintiff: (1) filed a bond in the sum of $1,500.00, and (2) submitted an affidavit agreeing to comply with Rule 11. (Filing 24 at 5.) Judge Thalken also suggested that any future complaint filed by the Plaintiff be reviewed to decide whether it is frivolous, malicious or filed with the intent to harass.

██ This court is not required to remain passive while some party abuses the court, litigants and counsel by fraudulently invoking the subject matter jurisdiction of this court. *See, e.g., In re Billy Roy Tyler,* 839 F.2d 1290 (8th Cir.1988) (inmate's flagrant and repeated abuse of judicial process by filing multitude of meritless lawsuits warranted imposition of order limiting inmate to single monthly filing in district court and prescribing certain conditions precedent to filing of future lawsuits). We have the power to stop the Plaintiff, and others like him, from doing again what he has done here.

Nevertheless, out of an abundance of caution, I will reject Judge Thalken's suit limitation recommendation, and instead warn the Plaintiff. I do so to make certain that the Plaintiff and others like him will have the published precedent of this case as fair advance warning.

Stanley Ernest Slangal, and any person acting with or like him, are warned that from

this day forward the filing of frivolous, malicious or harassing lawsuits will not be tolerated, and may subject him, and persons acting with or like him, to sanctions, including substantial monetary fines. Moreover, such future wrongful activity may trigger the imposition of limitations such as those proposed by Judge Thalken now.

██ In particular, I find and conclude that any complaint predicated in whole or in part upon the allegation that jurisdiction is based upon "the American Free Flag of Peace TITLE 4 U.S.C. 1 of the United States of America," or a similar allegation, is frivolous, malicious and intended to harass. I now notify the Plaintiff and anyone else who has filed, or who may subsequently file, such a "flag" suit that any such suit filed after this date will be dismissed by me sua sponte without notice for lack of subject matter jurisdiction. To make these points known, I will publish this opinion.

Accordingly,

IT IS ORDERED that:

1. The Report and Recommendation (filing 24) to the extent it recommends dismissal is granted because the court lacks subject matter jurisdiction of Plaintiff's complaint; the Report and Recommendation is denied to the extent that it recommends the imposition of limitations on the ability of Plaintiff to sue in the future.

2. The motions to dismiss (filings 2, 3, 4, 5, 9, 10, 13, 14, 17 and 18) are granted, and all other pending motions are denied as moot.

3. This case will be dismissed without prejudice [2] by separate document.

4. The court declares that:

Stanley Ernest Slangal, and any person acting with or like him, are warned that from this day forward the filing of frivolous, malicious or harassing lawsuits will not be tolerated, and may subject him, and any person acting with or like him, to sanctions, including substantial monetary fines. Moreover, such future wrongful ac-

---

**2.** Because the court lacks subject matter jurisdiction, the court has not reached the merits of Plaintiff's case. 5A Charles Alan Wright & Ar-

thur R. Miller, *Federal Practice and Procedure* § 1350, at 225 (footnotes omitted).

tivity may trigger the imposition of limitations on the ability to sue in this court.

Furthermore, any complaint predicated in whole or in part upon the allegation that jurisdiction is based upon "the American Free Flag of Peace TITLE 4 U.S.C. 1 of the United States of America," or a similar allegation, is deemed frivolous, malicious and intended to harass. The Plaintiff and anyone else who has filed, or who may subsequently file, such a "flag" suit is notified that any such suit filed after this date will be dismissed sua sponte without notice for lack of subject matter jurisdiction.