**INDYMAC BANK, F.S.B., Plaintiff,**

v.

**Donald MacPHERSON, Mortgage Electronic Registration Systems, Inc., as Nominee for Mortgageit Inc., People of the State of New York, John Doe, said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the Mortgaged Premises, Defendants.**

No. 09–CV–768 (ADS).

United States District Court, E.D. New York.

Dec. 1, 2009.

As Corrected March 3, 2010.

Reed Smith LLP by Andrew B. Messite, Esq., of counsel, New York, NY, Steven J. Baum, P.C. by Steven J. Baum, Esq., of counsel, Amherst, NY, for Plaintiff.

Irwin Popkin, Esq., Shirley, NY, for Defendant, Donald MacPherson.

Andrew M. Cuomo, Attorney General of the State of New York by Associate Attorney Alan Gitter, of counsel, Hauppauge, NY, for Defendant, People of the State of New York.

NO APPEARANCE: Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgageit Inc.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by plaintiff Federal Deposit Insurance Company ("FDIC"), as Receiver for original plaintiff IndyMac Bank, F.S.B. ("IndyMac") and substituted real party in interest, to dismiss the counterclaims and affirmative defenses asserted by defendant Donald MacPherson. The motion is unopposed.

The plaintiff's motion to dismiss MacPherson's affirmative defenses is without merit, and for the reasons set forth herein, is denied. However, the plaintiff's motion to dismiss MacPherson's counterclaims presents this unsettled question of law: does a federal district court have subject matter jurisdiction to hear claims against the FDIC as receiver for a failed institution, when (1) the claims were filed in court prior to the FDIC's appointment as Receiver and (2) the claimant never filed a proof of claim with the FDIC. While the Second Circuit has not yet ruled decisively on this issue, the Eighth, Ninth, and Tenth Circuits have held that a district court does not possess subject matter jurisdiction in this situation. However, the First, Third, Fifth, and Eleventh Circuits have held to the contrary. For the reasons set forth herein, the Court agrees in part with the Eighth, Ninth, and Tenth Circuits, and dismisses MacPherson's counterclaims without prejudice.

## I. BACKGROUND

The FDIC alleges that in March 2007 defendant Donald MacPherson took out a mortgage with IndyMac that was secured by MacPherson's real property at 187 Shinnecock Hill Road, Southampton, New York. Four months later, in July 2007, MacPherson allegedly defaulted on the mortgage. In September 2007, IndyMac filed suit against MacPherson in New York State Supreme Court Suffolk County, seeking to foreclose on MacPherson's property. In June 2008, MacPherson filed an answer, interposing a counterclaim asserting that IndyMac had violated the Truth in Lending Act; had committed fraud; and had violated the New York Consumer Protection laws. MacPherson also asserted affirmative defenses on each of these grounds.

On July 11, 2008, IndyMac was deemed insolvent, and its assets were put into receivership with the FDIC. According to an uncontroverted affidavit submitted by the FDIC, it published a notice announcing the receivership, and indicating that any person with a claim against the failed IndyMac must file his or her claim with the FDIC. The FDIC also mailed a similar notice to MacPherson's property at 187 Shinnecock Hill Road, Southampton, New York. The FDIC later realized that this was not MacPherson's residence, and so on

January 6, 2009, the FDIC mailed a notice to MacPherson's attorney in the present action. MacPherson never filed a claim with the FDIC, and the FDIC asserts that under the relevant statutory scheme, the time for filing has long passed.

On February 9, 2009, the FDIC was substituted as the real party in interest in the state action, and on February 28, 2009 that case was removed to the Federal District Court for the Eastern District of New York. On April 14, 2009, the FDIC moved to dismiss MacPherson's counterclaims as well as the affirmative defenses MacPherson asserted on the same grounds as the counterclaims. The FDIC contends that, upon the appointment of the FDIC as Receiver, MacPherson was required to exhaust his administrative remedies with the FDIC before he could continue his counterclaims in federal court. As MacPherson did not timely file a claim, the FDIC further contends that the Court has no subject matter jurisdiction over his counterclaims.

## II. DISCUSSION

### A. As to Dismissal of MacPherson's Affirmative Defenses

■ As a preliminary matter, the FDIC has made no showing and offered no law that supports the dismissal of any of Mac-Pherson's affirmative defenses. The FDIC argues only that MacPherson is barred from asserting "claims" against it. As affirmative defenses are not claims, the FDIC's arguments are categorically inapplicable as to this issue. The Court therefore denies the FDIC's motion to dismiss MacPherson's affirmative defenses.

### B. As to the Dismissal of MacPherson's Counterclaims

■ The FDIC argues that the Financial Institutions Reform, Recovery and En-forcement Act of 1989 ("FIRREA") strips federal district courts of subject matter jurisdiction to hear claims against the FDIC by persons who have not exhausted their administrative remedies under FIR-REA. The FDIC further argues that MacPherson did not exhaust his administrative remedies under FIRREA, and that the Court therefore has no subject matter jurisdiction over his counterclaims. As stated above, MacPherson failed to respond to the FDIC's motion.

FIRREA establishes an administrative framework for the determination of claims against a financial institution after it enters the FDIC's receivership. FIRREA also limits the jurisdiction of the federal district courts to hear these claims. FIR-REA provides:

> (D) Limitation on judicial review
> Except as otherwise provided in [12 U.S.C. § 1821(d)], no court shall have jurisdiction over—
>> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D)

This statute thus strips the Court of subject matter jurisdiction to hear claims against the FDIC that are related to a failed institution in receivership, except as explicitly provided in Section 1821(d). Here, MacPherson's claims are against the assets of a failed institution in receivership, so the statute's blanket withdrawal of subject matter jurisdiction would apply to these claims unless there is an applicable exception. The operative question is

therefore whether the exceptions provided in Section 1821(d) apply to MacPherson's counterclaims. Essentially, Section 1821(d) sets forth three exceptions:

First, Section 1821(d)(6)(A), read with Section 1821(d)(5)(A)(i), provides that upon the sooner of 180 days after filing a claim with the FDIC or receipt of notice that the FDIC has rejected the claim, a party may sue on the claim in federal court or "continue an action commenced before the appointment of the receiver."

Second, Section 1821(d)(8)(C) provides that upon the sooner of 90 days after requesting expedited relief on a claim that has been filed with the FDIC or receipt of notice that the FDIC has rejected the claim, a party may sue on the claim in federal court or "continue a suit filed before the appointment of the receiver."

Third, Sections 1821(d)(8)(E) and (5)(F)(ii) provide that, except for a mandatory stay the FDIC may request in a pending action, "the filing of a claim with the [FDIC] shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver."

■ However, all of these provisions require that the claimant has filed his or her claim with the FDIC. Section 1821(d) does not provide any explicit exception for subject matter jurisdiction over claims that have not been filed with the FDIC. Nevertheless, some courts have reasoned that, because parties who filed suit against an institution before it entered receivership may "continue" their cases after filing with the FDIC, Section 1821(d) implies that courts maintain jurisdiction over claims filed before receivership was commenced. *See, e.g., Marquis v. FDIC*, 965 F.2d 1148, 1152–53 (1st Cir.1992). However, this suggests that an implied exception, inferred primarily from the use of the word "continue" in the statute, would supersede the explicit withdrawal of jurisdiction in Section 1821(d)(13)(D). In the Court's view, this is inconsistent with a plain language reading of the statute. *See, e.g., Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992) ("In a statutory construction case, the beginning point must be the language of the statute ..."); *see also, Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278 (9th Cir.1994) ("We find that [the word "continue" in] § 1821(d)(5)(F)(ii) merely means that filing a claim with the FDIC will not prejudice claimants who decide to continue an action in district *court after having complied with the administrative process*." (emphasis in original)). Therefore, the Court finds that FIRREA does not contain an exception that applies to MacPherson's claims in this case.

While the Second Circuit has not directly addressed this issue, its decision in *Resolution Trust Corp. v. MacKenzie*, 60 F.3d 972, 977 (2d Cir.1995) supports the Court's conclusion. In *MacKenzie*, the Second Circuit held:

> RTC's authority to realize upon the assets of a failed institution, combined with its duty to protect creditors and depositors of that institution, supersedes, though it does not extinguish, any claim pending against the institution, or in this case, the institution's assets at the time RTC is appointed Receiver.

*MacKenzie*, 60 F.3d at 977 (RTC previously acted in the role the FIDC now plays under the relevant statutory framework). The court then cited favorably to *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 484 (8th Cir.1993), noting that *Bueford* held that a plaintiff with an employment discrimination claim pending against an institution that entered receivership must "exhaust administrative remedies under

FIRREA as [a] jurisdictional prerequisite to further pursuing suit in district court." *MacKenzie*, 60 F.3d at 977.

The Court is aware that its conclusion is inconsistent with the findings of several other Circuit courts. *See Whatley v. Resolution Trust Corp.*, 32 F.3d 905 (5th Cir. 1994) (holding that if a creditor has pending litigation against the debtor before the debtor goes into receivership, the receiver must opt between remaining in court or requesting a stay and instituting administrative proceedings; a failure to act will be construed as choosing to remain in court.); *Marquis*, 965 F.2d at 1153 (finding that it was Congress's intent to "preserve jurisdiction over civil actions filed against failed institutions prior to the FDIC's appointment as receiver" and that FIRREA's purpose "would be disserved by forcing the courts to dismiss all pending litigation, only to have the cases re-filed when and if administrative settlement" did not occur); *FDIC v. Lacentra Trucking, Inc.*, 157 F.3d 1292 (11th Cir.1998) (finding that FIRREA provides "two separate schemes for the disposition of pre-receivership suits and post-receivership claims", and that a court retains jurisdiction over pre-receivership claims); *Damiano v. FDIC*, 104 F.3d 328 (11th Cir.1997) (finding that subject matter jurisdiction is tested at the time of filing and therefore an inappropriate ground for dismissal; courts will retain jurisdiction over pre-receivership cases); *Praxis Properties, Inc. v. Colonial Savings Bank*, 947 F.2d 49, 63 (3rd Cir.1991) (finding that "... the appointment of ... a receiver would appear not to divest the federal court of jurisdiction").

However, the Eighth Circuit in *Bueford*, as well as the Ninth and Tenth Circuits, have reached conclusions similar to that of the Court. *See Intercontinental Travel*, 45 F.3d at 1278 (holding that compliance with FIRREA's exhaustion requirement was mandatory for both pre- and post-receivership claims); *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103 (10th Cir.1991) (affirming the district court's granting of summary judgment in favor of the receiver when a complainant with a pending case against the bank failed to file with the FDIC during the statutory time period). The Court finds the reasoning articulated by the Eighth, Ninth and Tenth Circuits to be more persuasive.

■ Nevertheless, in contrast to the cases from the Eighth, Ninth and Tenth Circuits, the Second Circuit has indicated that the dismissal of the defendant's claims in the present situation should be without prejudice. In *Carlyle Towers Condominium Ass'n, Inc. v. F.D.I.C.*, 170 F.3d 301, 307 (2d Cir.1999), the plaintiff had filed a claim against the FDIC, but only after the statutory period for filing had passed. The plaintiff thereafter filed suit in federal court on the claim, and the defendant moved to dismiss for lack of subject matter jurisdiction. The Court stated:

> Whereas it is relatively clear that Congress intended claims to be presented for administrative review as a jurisdictional prerequisite to filing suit in a district court, it is far less clear that a claimant who submits an untimely claim and receives a disallowance is jurisdictionally barred from proceeding in district court.

*Id.* The court then held that the district court had subject matter jurisdiction over the claim despite the plaintiff's failure to timely file a claim with the FDIC. *Id.* at 310. The court stated that the statutory time limit for administrative filing served only as a "statute of limitations type of defense." *Id.*

It therefore follows that, if the defendant files his claims with the FDIC even after the statutory period for filing has run, the Court could ultimately exercise

subject matter jurisdiction over the claims. The defendant's counterclaims are therefore dismissed without prejudice.

The Court notes that it is aware of a case in this district that deals directly with an issue identical to the issue currently before the Court. That case, *Wilson v. F.D.I.C.*, 827 F.Supp. 120 (E.D.N.Y.1993), held that a party with a lawsuit pending against an institution when it went into FDIC receivership did *not* need to file a claim with the FDIC as a jurisdictional pre-requisite for continuing his case in federal court. The *Wilson* court held that the suit itself was "a timely 'claim' filed with the receiver as of the date of its appointment." *Id.* at 123.

█ However, in *Wilson*, the plaintiff was *pro se* and 92 years old. While the court did not state that this was a weighty factor in its analysis, it does appear to have been a consideration. *See id.* at 123 ("[T]he unwary pro se litigant may not realize the significance of the failure to make the administrative filing or may conclude that the claim has been formalized in the lawsuit and thus the administrative filing is inapplicable to it."). Moreover, there is apparently no statutory basis for holding that a pending lawsuit satisfies the requirement that a claim be "filed with the [FDIC]." Section 1821(d)(5)(A). To hold so would read the language "with the [FDIC]" out of the statute. *Wilson* nevertheless reasons that it is redundant to require a party to file a claim with the FDIC when there is a case pending against the failed institution, because the FDIC has actual notice of the claim. However, such reasoning may also be inconsistent with FIRREA's general statutory framework. The FDIC presumably has actual notice of many, if not most, of the claims that are filed pursuant to FIRREA by virtue of possessing the failed institution's books and records. Nevertheless,

these claimants must file with the FDIC as a pre-requisite to federal subject matter jurisdiction. The Court thus finds that an "actual notice" inquiry is not contemplated by the statute.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion to dismiss the defendant's affirmative defenses is DENIED; and

**ORDERED** that the plaintiff's motion to dismiss the defendant's counterclaims is GRANTED, and the defendant's counterclaims are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**