Jan **TAYLOR**, Carla C. Crosswhite and Laura T. Godsey, individually and on behalf of a class of all other persons similarly situated and on behalf of the ANB Financial, N.A. Employee Stock Ownership Plan, Plaintiffs

v.

**ANB BANCSHARES, INC.**; Federal Deposit Insurance Corporation, in its capacity as receiver for ANB Financial, N.A.; Plan Committee for Arkansas National Bank Employee Stock Ownership Plan, Daniel Dykema, Harry Brown, Gregory D. Landis, Debra Jackson, Eric Brown, Blake Evans and Vic Evans, Defendants.

Case No. 08–CV–5170.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Dec. 15, 2009.

---

119. See *Id.*

120. *Id.*

121. *Id.*

Catha Worthman, Jeffrey Lewis, Sacha Steinberger, Teresa Renaker, Lewis Feinberg Lee Renaker Jackson P.C., Oakland, CA, Donald B. Kendall, Kendall Law Firm, Pine G. Drewyor, Drewyor Law Firm, PLLC, Rogers, AR, for Plaintiffs.

Christopher A. Weals, Gregory C. Braden, Theresa J. Chung, Morgan Lewis Bockius LLP, Washington, DC, William B. Putman, Taylor Law Partners, Roger Christopher Lawson, Friday, Eldredge & Clark, LLP, Fayetteville, AR, for Defendants.

### MEMORANDUM OPINION & ORDER

ROBERT T. DAWSON, District Judge.

Currently before the Court are the Federal Deposit Insurance Corporation's (FDIC) Motion to Dismiss First Amended Complaint or, in the Alternative, Motion for Summary Judgment and supporting brief (Docs. 50–51), Plaintiffs' Response and Rule 56(f) Affidavit (Docs. 52–53) and the FDIC's Reply (Doc. 57). The Court finds, for the reasons reflected below, that the FDIC's Motion to Dismiss (Doc. 50) is GRANTED. Accordingly, Plaintiffs' claims against Separate Defendant FDIC are DISMISSED WITH PREJUDICE.

### Background

Plaintiffs' claims arise out of Defendants' alleged violations of fiduciary duties of prudence and loyalty in connection with the ANB Financial, N.A. Employee Stock Ownership Plan ("the Plan"). Plaintiffs were participants in the Plan and purport to bring their claims on behalf of all similarly situated plan members under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs contend the defendants breached their fiduciary duties under ERISA by allowing the Plan to continue to invest in ANB Bancshares stock at a time when ANB was engaged in inordinately risky banking practices.

On May 9, 2008, the FDIC was appointed as Receiver of ANB Financial, N.A. ("the Bank") pursuant to 12 U.S.C. §§ 191 and 1821(c)(5) due to the Bank's failure and insolvency. Plaintiffs filed their original complaint on July 29, 2008 but did not name the FDIC as a defendant. On September 17, 2008, the FDIC filed a motion to substitute itself as Receiver of the Bank and the real party in interest (Doc. 20). On September 25, 2008, the Court granted the motion, substituted the FDIC for the Bank, and dismissed the Bank from this action (Doc. 23).

On October 14, 2008, the FDIC filed a motion requesting a mandatory ninety-day

stay of this action pursuant to 12 U.S.C. § 1821(d)(12) (Doc. 30) which was granted on October 16, 2008 (Doc. 32). On January 15, 2009, Plaintiffs and the FDIC requested the Court enter a stipulation between them (Doc. 34) which was entered on January 16, 2009 (Doc. 36). The stipulation lifted the stay and provided an agreement by the parties as to service of the Complaint on the FDIC and a responsive pleading deadline for the FDIC.

On February 27, 2009, the FDIC filed a motion to dismiss Plaintiffs' claims for lack of jurisdiction and failure to state a claim (Doc. 38). Plaintiffs requested and received an extension to March 30, 2009, to respond to the motion to dismiss. On March 30, 2009, Plaintiffs filed a motion seeking leave to file an amended complaint and also filed an amended complaint (Doc. 43). The Court denied both the motion for leave and the FDIC's motion to dismiss as moot since the amended complaint was already filed. The gravamen of Plaintiffs' amendment was to add the FDIC as a defendant and to plead allegations regarding exhaustion of the FDIC's administrative claims process. (Doc. 43, §§ 48A–48E). On May 13, 2009, the FDIC filed the current motion to dismiss for lack of jurisdiction and failure to state a claim as to the Amended Complaint (Doc. 50).

### Motion to Dismiss

For its Motion to Dismiss, the FDIC contends Plaintiffs' claims against it should be dismissed as Plaintiffs failed to exhaust their administrative remedies under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (1989) ("FIRREA"). The FDIC also asks the Court to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) on the grounds that none of the plaintiffs can bring a claim on behalf of the Plan and for failure to state a claim upon which relief may be granted. Plaintiffs contend

they exhausted their administrative remedies or, alternatively, equitable tolling should be applied to the claims bar date. Plaintiffs further assert they have stated claims upon which relief may be granted, and that the FDIC should remain as a necessary party pursuant to Federal Rule of Civil Procedure 19(a) even if the Court decides it does not have jurisdiction over Plaintiffs' claims against the FDIC.

### Standard of Review

The FDIC challenges this Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The parties have presented materials outside the record to support their positions. The FDIC contends the Court may consider the declarations of Teresa Koechel and other attachments to the pleadings to determine whether subject matter exists. Plaintiffs contend the FDIC's motion is a facial attack on jurisdiction and the Court should accept the allegations in the complaint as true and draw all inferences in favor of Plaintiffs or, alternatively, Plaintiffs contend they should be permitted further discovery if the Court chooses to resolve the motion as a factual attack.

The FDIC's Rule 12(b)(1) motion is a factual attack on subject matter jurisdiction. While Plaintiffs have pleaded exhaustion of administrative remedies, the FDIC contends Plaintiffs have not done so. Accordingly, the Court may consider jurisdictional facts outside the pleadings in determining whether it has subject matter jurisdiction and no presumptive truth attaches to the plaintiff's allegations. *See Osborn v. United States,* 918 F.2d 724 (8th Cir.1990). The Court is free to weigh the evidence, and the existence of disputed material facts will not preclude it from evaluating for itself the merits of jurisdictional claims. *Id.* Plaintiffs, as the parties invoking federal jurisdiction, have the burden to establish the district court's juris-

diction. *Id.* Plaintiffs' request for further discovery is denied as Fed.R.Civ.P. 56 does not apply to a Rule 12(b)(1) motion, and the parties have submitted sufficient evidence outside the pleadings for the Court to determine whether subject matter jurisdiction exists over Plaintiffs' claims against the FDIC.

### Discussion

The FDIC contends that Plaintiffs' Complaint should be dismissed as Plaintiffs did not file timely administrative claims under FIRREA; therefore, the claims are time-barred and the Court lacks subject matter jurisdiction over the claims against the FDIC in its capacity as receiver for ANB. Plaintiffs concede that FIRREA provides that courts have jurisdiction over claims seeking recovery from the assets of a depository institution that is under FDIC receivership, or alleging an act or omission by such an institution only if a claim has first been filed with the FDIC by the Claims Bar Date and the FDIC has either disallowed the claim or 180 days has expired but contends that Plaintiffs have fulfilled these requirements. Alternatively, Plaintiffs contend that the Claims Bar Date is not jurisdictional and should be equitably tolled based upon inadequate and affirmatively misleading notice by the FDIC and further that the FDIC's notice was insufficient under ERISA.

FIRREA's section 212, 12 U.S.C. § 1821, creates an administrative claims process for claims against the assets of failed banks held by the FDIC as receiver. 12 U.S.C. § 1821(d)(3)-(13). The FDIC is authorized to decide such claims under a process established by the statute and FDIC regulations. 12 U.S.C. § 1821(d)(3)(A), 1821(d)(4). When liquidating a failed bank's assets, the FDIC must publish a notice "to the depository institution's creditors" specifying a date by which claims must be presented, not less than 90 days after publication, 12 U.S.C. § 1821(d)(3)(B), and in addition must mail a "similar" notice to "any creditor shown on the institution's books," 12 U.S.C. § 1821(d)(3)(C). The FDIC has 180 days after a claim is filed to allow or disallow it. 12 U.S.C. § 1821(d)(5)(A). Claims not timely filed must be disallowed unless "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date", in that case, a late-filed claim "may be considered by the receiver," provided the claim is "filed in time to permit payment." 12 U.S.C. § 1821(d)(5)(C). Finally:

> [e]xcept as provided in this subsection, no court shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

 FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against a failed institution for whom a receiver has been appointed. *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir.1993) (citations omitted). Exhaustion of administrative claims is "explicitly jurisdictional." *Rosa v. RTC*, 938 F.2d 383, 395 (3rd Cir.1991). A plaintiff wishing to bring an action against the receiver must therefore exhaust FIRREA's administrative claims process; absent such exhaustion, the court lacks subject matter jurisdiction over the action. *Michels v. RTC*, 1994 WL 242162 (D.Minn. April 13, 1994).

■ The FDIC contends that Plaintiffs failed to file a claim by the Claims Bar Date of August 19, 2008, thus, this Court lacks subject matter jurisdiction. Plaintiffs state that a putative class member, Cathy Klein, filed a timely claim on June 24, 2008, thereby exhausting the administrative remedies of Plaintiffs and the class. The FDIC concedes that on October 18, 2008, it disallowed a timely claim by Ms. Klein on behalf of herself for her shares of ANB stock under the Plan. (Doc. 50–2, pp. 31, 37). However, the FDIC asserts that Plaintiffs cannot rely on Klein's timely claim to avoid exhausting their own administrative remedies under FIRREA. Further, Klein did not seek judicial review of the disallowance of her claim within sixty (60) days of the October 18, 2008 disallowance. Therefore, judicial review is no longer available to her under FIRREA. *See* 12 U.S.C. § 1821(d)(6).

Plaintiffs maintain that under ERISA § 502(a)(2), Ms. Klein, as a member of the putative class may exhaust the administrative remedies of the entire class thereby establishing subject matter jurisdiction. In support of this assertion, Plaintiffs cited various ERISA breach of fiduciary duty cases. However, none of them addressed the exhaustion of administrative remedies under FIRREA. Further, Plaintiffs do not address the fact that Ms. Klein did not seek timely judicial review of the denial of her claim as required under FIRREA as she is not a named Plaintiff in this action.

The Court finds no support for Plaintiffs' argument that one potential class member can exhaust the administrative remedies under FIRREA for an entire class. In *Michels, supra,* the court recognized that requiring each class member to exhaust FIRREA claim procedures may not be the most convenient or efficient method of resolving the parties' dispute, however, total exhaustion is required under 12 U.S.C. § 1821. *Id.* (*citing Bueford,* 991 F.2d at 485); *Henderson v. Bank of New England,* 986 F.2d 319 (9th Cir.1993); *Office and Professional Employees Int'l Union Local 2 v. FDIC,* 962 F.2d 63 (D.C.Cir.1992); *Meliezer v. RTC,* 952 F.2d 879 (5th Cir.1992). Accordingly, the Court finds that Ms. Klein's claim is insufficient to exhaust Plaintiffs' administrative remedies.

■ Plaintiffs further argue they should be excused from exhausting their administrative remedies as they did not receive proper notice and, in any event, filed a timely claim on December 1, 2008. The FDIC maintains that proper notice was given, and even lack of notice does not excuse exhaustion under FIRREA. The FDIC further states that the December 1, 2008 claim was untimely as Plaintiffs did not prove they had no notice that the FDIC was appointed receiver in order to fall within the exception to filing beyond the Claims Bar Date.

The FDIC contends Plaintiffs Taylor and Godsey were sent notice on May 12, 2008, when the Receiver's Claims Office mailed a Publication Notice to Creditors and Depositors of ANB and a proof of claim form to every ANB employee and retiree that was in ANB's accounts payable system during the approximately nine-month period prior to ANB's closing.[1] (Doc. 50–2, pp. 2, 6–7, 9–10). Further, every ANB employee, retiree, and beneficiary was sent a detailed form letter and booklet by the FDIC on May 19, 2008. (Doc. 50–2, pp. 2, 12–22). The FDIC also published notice in various newspapers

---

1. Plaintiff Crosswhite was not mailed this notice and Proof of Claim form because apparently she was not in the ANB's accounts payable system in the approximately nine-month period prior to ANB's closing.

from mid-May to mid-July 2008. (Doc. 50–2, pp. 2, 24–29).

The FDIC sent a notice to Plaintiffs' counsel on September 3, 2008, explaining that the Receiver could consider claims after the Claims Bar Date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim and (2) the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C). The letter also stated that a claimant must prove "to the Receiver's satisfaction" that the claimant did not have notice that the FDIC was appointed as Receiver and must submit a signed Proof of Claim form by December 2, 2008.

Despite the notices mailed by the FDIC and published in various newspapers, Plaintiffs claim that they "never received any type of notification whatsoever that [they] needed to file any type of Proof of Claim in order to exercise any rights concerning an interest in [the Plan]." (Doc. 53–2, pp. 7, 10, 13). The Court need not resolve this factual dispute to determine whether subject matter jurisdiction exists.

■■■■ The FDIC's failure to provide proper notice "does not relieve the claimant of the obligation to exhaust administrative remedies, because the statute does not provide for a waiver or exception under those circumstances." *Tri–State Hotels, Inc. v. FDIC*, 79 F.3d 707 (8th Cir.1996). "The only exception to the strict requirement of exhaustion of remedies, [is] where the claimant does not receive notice of the appointment of the receiver in time to file his claim." *Id.* citing 12 U.S.C. § 1821(d)(5)(C). This exception will only apply if the plaintiffs did "not receive notice of the fact of the appointment of a receiver. The exception does not apply to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadlines." *Reierson v.*

*RTC*, 16 F.3d 889, 891–92 (8th Cir.1994) (citation omitted).

In *RTC Mortgage Trust v. Haith*, 133 F.3d 574 (8th Cir.1998), the Court found that the claimants were at least on inquiry notice of the receivership, such that the failure to receive mailed notice did not avoid the jurisdictional bar of the statute. *Id.* at 579 (*citing Elmco Properties, Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 921–22 (4th Cir.1996)). In *Freeman v. FDIC*, 56 F.3d 1394, 1402 (D.C.Cir.1995), the FDIC produced an affidavit from an FDIC official stating that the required notices had been mailed to creditors listed on the books, including the Freemans, but the Freemans denied having received such a notice. The Court found that even if the Freemans never received the required § 1821(d)(3)(C) notice, however, they were still obliged to exhaust their administrative remedies as a condition of obtaining access to the district court. *Id. See also, Meliezer*, 952 F.2d at 882–83 (receiver's failure to mail required notice did not relieve claimant of obligation to exhaust administrative remedies).

Despite Plaintiffs' contention that they never received notice that they needed to file a Proof of Claim, they filed a claim with the FDIC on December 1, 2008 through their attorneys. The FDIC properly denied this claim as untimely as Plaintiffs made no allegation or attempt to show they were prevented from filing by the Claims Bar Date because they were unaware of the Receiver's appointment as required by 12 U.S.C. § 1821(d)(5)(C)(ii).

Even if the Court would find that the named Plaintiffs did not receive the FDIC's notice or that the notice was insufficient, they were not relieved of their duty to exhaust their administrative remedies. Further, Plaintiffs do not fit into the statutory exception for failing to file by the Claims Bar Date as they have not shown

they were unaware of the FDIC's appointment as Receiver. Accordingly, Plaintiffs' failure to timely present a Proof of Claim form prevents them from seeking judicial review.

■ Finally, Plaintiffs contend that the Court should find that filing prior to the Claims Bar Date is not a jurisdictional requirement and apply the doctrine of equitable tolling based upon alleged misconduct by the FDIC. The FDIC denies that the Eighth Circuit Court of Appeals permits equitable tolling as a basis for tolling the Claims Bar Date under FIRREA, and, even so, the FDIC did not mislead Plaintiffs in an attempt to prevent them from filing a timely claim.

In their First Amended Complaint, Plaintiffs allege that the FDIC affirmatively misled participants by informing them that they had no claim (Doc. 43, ¶ 48D). Plaintiffs allege that in a meeting with all ANB Bancshares employees held on May 9, 2008, Rob Schoppe, Receiver in Charge, informed participants that their ANB Bancshares stock in the Plan was worth nothing. *Id.* Plaintiffs further allege that materials the FDIC claims it sent to participants were further misleading because they did not indicate that a claim needed to or should be filed in order for participants to recover the value of the stock in the Plan. *Id.* Finally, Plaintiffs allege, on information and belief, that participants were told by ANB Bancshares management not to file proofs of claim for their retirement stock with the FDIC. *Id.*

In support of their argument, Plaintiffs cite *Carlyle Towers Condominium Assoc. v. FDIC*, 170 F.3d 301 (2nd Cir.1999) and *Freeman v. FDIC*, 56 F.3d 1394 (D.C.Cir. 1995). In *Carlyle Towers*, the Second Circuit found that the failure to file a claim by the Claims Bar Date was not a jurisdictional bar to district court review for claimants whose claims accrued after the

Claims Bar Date. *Carlyle Towers*, 170 F.3d at 307–10. As Plaintiffs' claims accrued prior to the Claims Bar Date, *Carlyle Towers* is inapplicable to this case. In *Freeman*, the D.C. Circuit indicated in a footnote that it would consider the Claims Bar Date essentially "a statute of limitations . . . subject to waiver, estoppel, and equitable tolling" if a claimant did not receive notice of the claims process. However, it did not do so under the facts of that case. *Freeman*, 56 F.3d at 1405 n. 2.

The Court finds Plaintiffs' argument unpersuasive. The Eighth Circuit has not applied the doctrine of equitable estoppel to the Claims Bar Date under FIRREA and has consistently viewed the exhaustion requirements as a jurisdictional bar. *See, e.g. Tri–State Hotels, supra.* Further, even if the Court were to apply equitable estoppel, Plaintiffs' claims still fail.

Plaintiffs claim that the FDIC sent misleading materials to participants. However, in affidavits submitted in support of their response to this motion to dismiss, Plaintiffs deny receiving any materials from the FDIC. Accordingly, even if the FDIC sent such materials, Plaintiffs could not have been misled by materials they never received. Further, even if the Receiver in Charge told Plaintiffs their stock was worthless, this is not akin to the FDIC affirmatively misleading Plaintiffs into not proceeding with the claims process. Finally, assuming ANB Bancshares management told Plaintiffs not to file a proof of claim with the FDIC, this cannot be imputed to the FDIC. Additionally, this would seem to negate Plaintiffs' contention that they had no notice of the claims process.

■ Plaintiffs assert that the FDIC should remain in the lawsuit as a necessary party because any recovery by Plaintiffs would flow to the Plan, the assets of which the FDIC controls as Receiver.

However, the Court has no power to direct the powers or functions of the FDIC in its capacity as a receiver. *See* 12 U.S.C. § 1821(j). Accordingly, the Court cannot conclude that the FDIC is a necessary party to Plaintiffs' claims against the remaining defendants in this action.

### D. Conclusion

The Court finds that Plaintiffs failed to exhaust their administrative remedies under FIRREA in connection with their claims against the FDIC. Accordingly, the FDIC's Motion to Dismiss is **GRANTED** and Plaintiffs' claims against the FDIC are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.